**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR VILLEGAS, | No.   18-55465 |
| Petitioner-Appellant, | D.C. No.<br>2:16-cv-09671-JFW-KS |
| v. | |
| ROSEMARY NDOH, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted December 12, 2019
Pasadena, California

Before:  N.R. SMITH and WATFORD, Circuit Judges, and HELLERSTEIN,**
District Judge.

Cesar Villegas appeals from the district court's denial of his petition for a

writ of habeas corpus.  He argues that the state court's determination that he was

not entitled to relief on his vagueness claim was unreasonable under 28 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Alvin K. Hellerstein, United States District Judge for
the Southern District of New York, sitting by designation.

§ 2254(d)(1). We affirm.

Villegas was sentenced under California Penal Code § 667.61(d)(2), which requires a sentence of 25 years to life for defendants who (1) committed rape or forcible oral copulation, (2) kidnapped the victim, and (3) moved the victim in a way that "substantially increased the risk of harm to the victim over and above that level of risk necessarily inherent in the underlying [sexual] offense." *Id.* According to Villegas, § 667.61(d)(2) requires the judge and jury to assess the level of risk involved in hypothetical ordinary cases of rape and forcible oral copulation, and then to compare that to the risk of harm associated with the sexual offenses that occurred in the case at hand. Such an inquiry, he argues, is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015), as it focuses on an "imagined 'ordinary case' of a crime" instead of "real-world facts." *Id.* at 2557.

The state court decision upholding § 667.61(d)(2) was not "contrary to" or "an unreasonable application of" *Johnson*. 28 U.S.C. § 2254(d)(1). As California courts have explained, the language in the third prong of § 667.61(d)(2)'s test requires factfinders to consider the particular facts of the case at hand—not to imagine hypothetical or typical cases of rape or forcible oral copulation. *See, e.g.*, *People v. Dominguez*, 140 P.3d 866, 873–74 (Cal. 2006); *People v. Daniels*, 459 P.2d 225, 238 (Cal. 1969); *People v. Ledesma*, 222 Cal. Rptr. 3d 534, 539–40 (Ct.

App. 2017).  And to the extent that *People v. Jones*, 68 Cal. Rptr. 2d 506, 521 (Ct. App. 1997), suggests otherwise, its reasoning conflicts with the California Supreme Court's decisions in *Dominguez* and *Daniels*.  Accordingly, given the particularized nature of § 667.61(d)(2)'s test, the state court reasonably rejected Villegas' claim under *Johnson*.

Section 667.61(d)(2) also provided Villegas with fair notice that his particular conduct fell within the statute's reach.  A reasonable person in Villegas' position would know that moving the victims from a bus stop at a major intersection to an unfamiliar residential neighborhood at night would substantially increase the risk of harm to them.  *See Dominguez*, 140 P.3d at 874–85 (holding that a defendant's movement of a victim to a more isolated area significantly "decreas[ed] the possibility of detection, escape or rescue" and substantially increased the risk of harm).

**AFFIRMED.**